UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11468-RGS

LEE P. UNITT

v.

DANIEL BENNETT, et al.

ORDER

February 5, 2018

STEARNS, D.J.

Before are the motions of *pro se* litigant Lee P. Unitt, who is incarcerated at MCI Framingham, for temporary restraining orders and preliminary injunctions. For the reasons stated below, the court will deny the motions.

BACKGROUND

Unitt brings this action in which she complains of a several aspects of her confinement at MCI Framingham: denial of access to the courts; inadequate medical care; retaliation for submitting grievances; and, violations of the federal Toxic Substance Control Act. Compl. (Dkt. #1). She identifies thirty individuals as defendants. She later filed a motion to supplement her Complaint (Dkt. #10). Summonses have not issued pending a preliminary review of the Complaint under 28 U.S.C. § 1915A.

Unitt has filed two separate motions for emergency injunctive relief, (Dkt. ##12, 13), which are essentially duplicative of each other. In these motions, Unitt asks the court to issue a temporary restraining order and a preliminary injunction and to enjoin the defendants from requiring her and other inmates to move to a unit at MCI Framingham in which new windows have recently been installed. Unitt asserts that the smaller size of the windows does not allow adequate ventilation. She also maintains that, because the installation was not completed in accordance with industry standard, she and the other inmates residing in the unit will be exposed to PCBs and other airborne contaminants that were not properly removed during the window installation.

Second, she asks the court to issue an order revoking a 60-day suspension from canteen purchased that was imposed on Unitt as a disciplinary sanction. She maintains that this sanction adversely affects her health because she needs to supplement her meals to control her blood sugar level. Unitt further represents that she takes 19 pills each day for various health conditions and consumes food before and after she takes the medication. The plaintiff also uses snacks to supplement her meals because the prison meals are of poor quality.[1]

---

[1] Unitt claims, "The food in chow hall, sometimes, is rotten (meat is bad, vegetables are sour) from being 're-used' two/three times over without

The third request concerns MCI Framingham's policy for photocopying "legal" documents. According to Unitt, the defendants have arbitrarily changed the policy to require that requests for copying legal documents be forwarded to and approved by an administrator. Unitt represents that, in the past, a request for legal copies was made to the librarian, who would approve or disapprove the request and make any copies. Unitt complains that this new policy results in delay, gives staff too much control over inmates' legal matters, and may result in retaliation. She further represents that administration now takes the view that only documents to be filed in a court are "legal" documents.

DISCUSSION

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (as in original) (quoting 11A C. Wright, A. Miller, & M.Kane, Federal Practice and Procedure § 2948 (2d ed. 1995). The court considers four factors in determining whether a preliminary injunction should issue: "1) a likelihood of success on the merits, 2) irreparable harm to the plaintiff

---

proper storing methods. The kitchen cooks are not given server safe training and half of them do not know how to cook prior given the institutional job. There was no pancakes for the last 2 weeks as the I/M [inmate] had to be trained to make pancakes." Dkt. #12 ¶ 20.

should preliminary relief not be granted, 3) whether the harm to the defendant from granting the preliminary relief exceeds the harm to the plaintiff from denying it, and 4) the effect of the preliminary injunction on the public interest." *Naser Jewelers, Inc. v. City of Concord, N. H.*, 513 F.3d 27, 32 (1st Cir. 2008) (internal quotations and citation omitted). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). In general, a court should not issue a preliminary injunction "on the basis of affidavits alone," and "a district court should be wary of issuing an injunction based solely upon allegations and conclusory affidavits submitted by plaintiff." *Atari Games Corp. v. Nintendo of Am., Inc.*, 897 F.2d 1572 (Fed. Cir. 1990); *see also McMillian v. Konecny*, C.A. No. 15-00241, 2017 WL 3891692, at *2 (N.D.N.Y. Sept. 6, 2017) (denying prisoner's motion for a preliminary injunction because he had failed "to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims"); *Snyder v. Am. Kennel Club*, 575 F. Supp. 2d 1236, 1240 (D. Kan. 2008) ("A party seeking a preliminary injunction must make its case not by mere allegations, but by clear proof.").

After reviewing the motions and the exhibits thereto, the court concludes that Unitt has not made a clear showing on the likelihood of success on any of the claims for which she seeks preliminary injunctive relief. Her assertion that the compound into which she will soon be moved could contain unhealthy levels of PCBs and other contaminates is conjecture, as is her claim that the remediated units will not have adequate ventilation.

Unitt's claim that the disciplinary proceeding that resulted in the loss of 60 days of canteen violated her right to due process fails. A prisoner does not have a liberty interest in the temporary denial of canteen privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that an inmate does not have a liberty interest in avoiding a particular condition of confinement unless the condition "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Christianson v. Clarke*, 932 F. Supp. 1178, 1183 (D. Neb. 1996) (holding that temporary denial of canteen privileges was not an "atypical, significant" deprivation). Further, despite plaintiff's dissatisfaction with the food served at the prison and her stated medical reasons for needing snacks from the canteen, she has not made a clear showing that denial of access to the canteen amounts to deliberate indifference to a serious medical condition. To the extent her medical conditions require access to

food in between meals, she may raise the issue with the prison's health care providers. *See* Dkt. #10-6 at 32 (SP0153) (medical appointment record indicating that Unitt requested a morning snack for certain days to prevent hypoglycemia).

Finally, Unitt has not made a clear showing that the new photocopying policy at MCI Framingham has or will result in a denial of her right of access to the courts. "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, to assert a claim for denial of access to the courts, a prisoner must allege that the failure to provide the legal resources required in *Bounds* resulted in actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Logue v. Chatham County Detention Ctr.*, 152 Fed. Appx. 781, 784 (11th Cir. 2005) (per curiam) ("To have standing to seek relief under § 1983 based on the denial copying privileges, a plaintiff must show *actual injury* by showing that the denial actually impeded a non-frivolous claim). The plaintiff has not provided evidence of such injury to herself,[2] and any delay in waiting for

---

[2] In her papers, Unitt refers frequently to the alleged injuries other inmates have suffered because of the defendants' purported misconduct. However,

copies is not, in itself, unconstitutional.  *See Boivin v. Black*, 225 F.3d 36, 42 (1st Cir. 2000) ("The constitutionally-protected right of access to the courts is narrow in scope.  To illustrate, the right of access to the courts does not extend to enabling prisoners to litigate with maximum effectiveness once in court." (citation omitted)); *Miller v. Donald*, 132 Fed. App'x 270, 272 (11th Cir. 2005) (prison officials' refusal to provide inmate with copies of papers he was required to serve did not deny him of access to the courts where inmate did not allege that court would not accept service of hand-copied duplicates).

ORDER

For the foregoing reasons, Unitt's motions for injunctive relief (Dkt. ##10, 11) are <u>DENIED</u>

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

only has standing to bring claims resulting from her own injuries.  *See Bingham v. Massachusetts*, 616 F.3d 1, 5 (1st Cir. 2010).